FILED
United States Court of Appeals
Tenth Circuit

October 5, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TYLER J. MULLINS,

     Petitioner - Appellant,

v.

JOE ALLBAUGH, DOC Interim Director,

     Respondent - Appellee.

No. 16-7025
(D.C. No. 6:15-CV-00235-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Oklahoma state prisoner Tyler Mullins seeks a certificate of appealability (COA) to appeal the district court's order dismissing Mullins' 28 U.S.C. § 2254 petition as time-barred. Because reasonable jurists wouldn't find the correctness of the district court's procedural ruling debatable, we deny Mullins' request for a COA and dismiss this matter.

On December 22, 2002, Mullins pled guilty to first-degree murder, a violation of 21 Okla. Stat. Ann. § 701.7. On January 22, 2003, the state trial court sentenced Mullins to life in prison without the possibility of parole. In a letter to the trial judge that was (1) postmarked February 3, 2003; (2) received by the trial judge on February 5, 2003; and (3)

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

filed with the clerk's office on February 18, 2003, Mullins expressed a desire to withdraw his plea.

The trial court denied Mullins' request, in part because Mullins failed to file his letter within 10 days of sentencing. Mullins then appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA dismissed the appeal on May 7, 2003. In doing so, the OCCA cited Mullins' failure to file a timely motion to withdraw plea within 10 days of sentencing—a prerequisite for appealing his conviction and sentence. *See* Okla. Ct. Crim. App. R. 4.2(A) ("In all cases, to appeal from any conviction on a plea of guilty or nolo contendere, the defendant must have filed in the trial court clerk's office an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence . . . .").

More than a decade later, Mullins filed an application for post-conviction relief with the state trial court. Mullins asserted that he was "denied an appeal through no fault of his . . . own," and was therefore entitled to an appeal out of time. *See* Okla. Ct. Crim. App. R. 2.1(E)(1). In support, Mullins noted that on the day after his sentencing hearing, he placed a letter expressing his desire to withdraw his plea in the bars of his cell for jail staff to pick up. And he maintained there was nothing more he could have done to comply with the 10-day filing deadline because he was incarcerated.

The trial court denied Mullins' petition, and the OCCA affirmed. Approximately one year later, Mullins filed a § 2254 petition in federal district court, alleging that trial counsel was ineffective for, inter alia, "abandon[ing] [Mullins]

2

during the 10-day window of appeal time" and thus depriving him of his right to a direct appeal. App. 23.

Oklahoma moved to dismiss Mullins' petition as time-barred. It argued that Mullins' conviction became final 10 days after sentencing—i.e., on February 1, 2003—because Mullins failed to file a motion to withdraw his guilty plea within those 10 days. Thus, Oklahoma reasoned, Mullins had one year, or until February 2, 2004, in which to file a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1) (explaining that, absent certain circumstances, one-year filing deadline for § 2254 petition runs from date on which judgment became final by conclusion of direct review or by expiration of time for seeking such review).[1] Because Mullins didn't file his petition until June 24, 2015, Oklahoma argued, the petition was untimely.

Mullins responded by insisting that he did, in fact, file a motion to withdraw his guilty plea within 10 days of sentencing. Mullins pointed out that, just one day after his sentencing hearing, he placed his letter to the trial judge in the bars of his jail cell for jail staff to pick up and mail. Besides, Mullins argued, even if he didn't file his motion within 10 days of sentencing, trial counsel provided ineffective assistance by failing to "communicate with [Mullins] during that 10-day period." App. 50. Thus, Mullins reasoned, he's entitled to an appeal out of time. And because

---

[1] February 1, 2003, was a Saturday. Thus, Mullins actually had until Monday, February 3, 2003, in which to timely file a motion to withdraw plea. *See* Okla. Ct. Crim. App. R. 1.5. Contrary to Oklahoma's assertion and the district court's finding, Mullins had until February 4, 2004—not February 2, 2004—to file his § 2254 petition. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011).

3

§ 2244(d)(1)(A)'s one-year clock would restart upon the conclusion of that appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009), Mullins argued that his § 2254 petition isn't time-barred.

Alternatively, Mullins asserted that he's entitled to equitable tolling of § 2244(d)(1)'s one-year period. *See Loftis v. Chrisman*, 812 F.3d 1268, 1272 (10th Cir. 2016) ("The statutory limitations period may be equitably tolled if the petitioner 'diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000))). But rather than providing specific facts or legal authorities that might support this assertion, Mullins merely asked for an evidentiary hearing where he could "present facts showing diligence and extraordinary circumstances." App. 52.

The federal district court granted Oklahoma's motion to dismiss Mullins' petition as untimely. First, the court ruled that Mullins isn't entitled to equitable tolling because Mullins "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." App. 60 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Second, it ruled that Mullins "failed to make a 'substantial showing of the denial of a constitutional right.'" *Id.* at 60–61 (quoting 28 U.S.C. § 2253(c)(2)). Thus, the district court dismissed Mullins'

4

petition.[2] Finally, because the district court found that reasonable jurists wouldn't debate whether Mullins' "petition states a valid claim of the denial of a constitutional right" or "whether the district court was correct in its procedural ruling," it also refused to grant Mullins a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mullins now seeks to appeal the district court's order dismissing his § 2254 petition. But first, he must demonstrate that he is entitled to a COA. And because the district court dismissed Mullins' petition on both substantive and procedural grounds, we may grant Mullins a COA only if he demonstrates that (1) "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"; *and* (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Mullins first challenges the district court's procedural ruling, i.e., its finding that Mullins' petition is time-barred under § 2244(d)(1)(A). In support, Mullins advances two general arguments.

First, Mullins asserts that he is entitled to an appeal out of time, either because he filed a timely motion to withdraw plea by placing his letter in the bars of his jail cell on the day after sentencing,[3] or because he "received ineffective assistance of

---

[2] The district court didn't address Mullins' argument that trial counsel's alleged ineffectiveness entitled him to an appeal out of time and a new one-year clock under *Jimenez*, 555 U.S. at 119.

[3] To the extent that Mullins asserts he timely filed his motion to withdraw plea, he is essentially arguing that the OCCA erred in concluding he failed to comply with Okla. Ct. Crim. App. R. 4.2(A)'s 10-day filing deadline. But a "state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Accordingly, the OCCA's resolution of

5

counsel in handling his right to a direct appeal in state court." Aplt. Br. 21. And the conclusion of such an out-of-time appeal, Mullins points out, would restart § 2244(d)(1)(A)'s one-year clock under *Jimenez*, 555 U.S. at 119.

But even assuming that trial counsel was ineffective, this argument conflates the 10-day period for filing Mullins' motion to withdraw plea, *see* Okla. Ct. Crim. App. R. 4.2(A), with the one-year time period for filing his § 2254 petition, *see* § 2244(d)(1). If trial counsel was ineffective, that might provide an explanation for Mullins' failure to file a motion to withdraw plea within 10 days of sentencing. But it doesn't provide an explanation for his failure to file his federal habeas petition within a year after his Oklahoma conviction became final. And it's Mullins' failure to comply with § 2244(d)(1)(A)—not his failure comply with Okla. Ct. Crim. App. R. 4.2(A)—that triggered the district court's decision to dismiss Mullins' habeas petition as time-barred. Thus, Mullins' reliance on *Jimenez* is misplaced.

Second, Mullins argues that he is entitled to equitable tolling or, in the alternative, an evidentiary hearing. Aplt. Br. 30–32. But Mullins fails to point to any specific facts that would entitle him to such tolling. True, he alleges that he went "through at least five lawyers, one of whom sat on the case for many years and was eventually disbarred." Aplt. Br. 31. Yet Mullins doesn't say when he hired these lawyers. And even assuming he hired them before § 2244(d)(1)'s one-year time limit

---

this question is controlling. *Cf. Loftis*, 812 F.3d at 1272 (holding that federal district court correctly deferred to "OCCA's conclusion that [p]etitioner's state post-conviction appeal was untimely as a matter of state law").

6

expired, Mullins doesn't articulate how that satisfies *Loftis*' two-part test. *See* 812 F.3d at 1272. Nor does he cite any authority that indicates a district court must hold an evidentiary hearing if, even assuming the truth of a petitioner's factual allegations, the petitioner still wouldn't be entitled to relief. Accordingly, we find Mullins' tolling argument inadequately briefed and decline to address it. *See* Fed. R. App. P. 28(a)(8)(A) (requiring argument section of appellant's brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (explaining that court routinely declines to consider inadequately briefed arguments).

In short, we agree with the district court that Mullins' petition is time-barred. And because reasonable jurists wouldn't debate the correctness of this procedural ruling, we need not address whether reasonable jurists would debate the correctness of the district court's assessment of Mullins' constitutional claims. *See Slack*, 529 U.S. at 484. Accordingly, we deny Mullins' request for a COA and dismiss this matter.

Entered for the Court

Nancy L. Moritz
Circuit Judge

7