FILED
United States Court of Appeals
Tenth Circuit

June 27, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JEFFREY RAMIREZ,

    Petitioner - Appellant,

v.

JOE ALLBAUGH, Director of the
Oklahoma Department of Corrections,

    Respondent - Appellee.

No. 18-6127
(D.C. No. 5:17-CV-00838-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **BRISCOE**, **McKAY**, and **LUCERO**, Circuit Judges.
_____

Mr. Jeffrey Ramirez, an Oklahoma state prisoner, appeals the district court's

judgment dismissing as untimely his petition for a writ of habeas corpus under 28 U.S.C.

§ 2254. A judge of this court granted a certificate of appealability (COA) on the issues

raised in Mr. Ramirez's pro se combined opening brief and application for a COA, which

concern whether tolling applies to the period in which he had to file his § 2254 petition.

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

We then appointed counsel for Mr. Ramirez and obtained additional briefing. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     Procedural Background

On October 1, 2013, Mr. Ramirez was sentenced to life imprisonment for a first-degree murder conviction in Oklahoma County District Court (OCDC). The Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction and sentence on December 5, 2014. Mr. Ramirez did not file a *certiorari* petition in the United States Supreme Court.

On December 10, 2014, Mr. Ramirez filed a pro se motion for a suspended sentence in the OCDC. The OCDC denied that motion on August 17, 2015. On November 5, 2015, Mr. Ramirez filed a twenty-three-page pro se application for post-conviction relief (First APCR) in the OCDC. On November 17, 2015, the OCDC struck the First APCR because it exceeded the twenty-page limitation set forth in local Rule 37(B) without the court's prior permission. In relevant part, local Rule 37(B) provides:

> All motions, applications and responses thereto, including briefs, . . . shall not exceed twenty (20) pages in length, excluding exhibits, without prior permission of the assigned judge. Reply briefs shall be limited to five (5) pages in length. Page limitations herein exclude only the cover, index, appendix, signature line and accompanying information identifying attorneys and parties, and certificate of service. No further briefs shall be filed without prior permission of the assigned judge.

Official Ct. R. of the Seventh Jud. and Twenty-Sixth Admin. Dists. Comprised of Okla. and Can. Ctys., Rule 37(B).

On November 30, 2015, Mr. Ramirez filed a pro se motion to file an APCR that exceeded the page limitation (Overlength Motion). More than eight months later, on August 6, 2016, the OCDC denied the Overlength Motion. On August 25, 2016, Mr. Ramirez filed an APCR that complied with the twenty-page limit (Second APCR). The OCDC denied the Second APCR on February 17, 2017, and the OCCA affirmed that ruling on July 7, 2017.

On August 4, 2017, Mr. Ramirez filed a pro se § 2254 petition in the United States District Court for the Western District of Oklahoma raising six grounds for relief, including a claim of actual innocence. The court referred the petition to a magistrate judge for initial proceedings. The magistrate judge issued a report recommending that the petition should be dismissed as untimely because it was filed outside the one-year limitations period set out in 28 U.S.C. § 2244(d)(1), which, in Mr. Ramirez's case, began on "the date on which [Mr. Ramirez's state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," *id.* § 2244(d)(1)(A). The magistrate judge concluded that under § 2244(d)(2), which stops the running of the limitations period during the pendency of any "properly filed application for State post-conviction or other collateral review,"[1] Mr. Ramirez's motion for a suspended sentence extended the filing deadline from March 7, 2016 to August 20,

---

[1] In full, § 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

3

2016.[2] But the magistrate judge determined that neither of the APCRs triggered § 2244(d)(2) tolling because the First APCR was not "properly filed," as required by § 2244(d)(2), and the Second APCR was filed after the extended limitations period expired on August 20, 2016. The magistrate judge found that equitable tolling did not apply because after the defective First APCR, Mr. Ramirez waited approximately nine months to file another APCR. Finally, the magistrate judge concluded that an equitable exception to the limitations period for a claim of actual innocence did not apply.

After Mr. Ramirez filed objections to the report and recommendation, the district court declined to adopt it. The court determined that Mr. Ramirez's motion for a suspended sentence and his Second APCR triggered § 2244(d)(2) tolling, and equitable tolling applied to the intervening time during which his Overlength Motion was pending before the OCDC. The court concluded that equitable tolling applied because, as a pro se litigant, Mr. Ramirez could have reasonably viewed his Overlength Motion "as something that needed to be resolved before further filings or proceedings would be necessary or appropriate," and the OCDC's delay in ruling on that motion was beyond Mr. Ramirez's control. R. at 84. The court further observed that once the OCDC ruled on that motion, Mr. Ramirez promptly filed his Second APCR. The combined tolling effect, the court concluded, rendered the § 2254 petition timely filed. Accordingly, the court referred the matter back to the magistrate judge.

---

[2] The parties agree that minor adjustments of this date to account for weekends or holidays do not affect the outcome of this appeal. We therefore refer to this date.

In further proceedings before the magistrate judge, the State filed a motion to dismiss the § 2254 petition, arguing that it was time-barred. The magistrate judge issued a supplemental report with a recommendation that the district court reconsider its timeliness ruling in light of the State's motion because the State had never received service of the first recommendation, Mr. Ramirez's objections to it, or the district court's order concluding the petition was timely filed. The magistrate judge also recommended granting the motion to dismiss the petition as untimely, agreeing with the State on what she viewed as the dispositive issue—that equitable tolling did not apply to the time period during which the Overlength Motion was pending. Applying, among other cases, *Loftis v. Chrisman*, 812 F.3d 1268 (10th Cir. 2016), which we discuss more fully below, the magistrate judge determined that the OCDC's delay in ruling on the Overlength Motion was not an uncontrollable circumstance that prevented Mr. Ramirez from filing an APCR that complied with the page limitation. The magistrate judge reasoned that Mr. Ramirez filed the nonconforming First APCR "without adequately informing himself of the applicable rule governing page limitations or without regard for that rule if he was, in fact, aware of it." R. at 219. She then faulted Mr. Ramirez for filing the Overlength Motion and then sitting back for nearly nine months "before filing what he could have always filed: a conforming [APCR]." *Id.* The magistrate judge further explained that even if Mr. Ramirez thought his Overlength Motion had to be resolved before he could file an APCR that complied with the twenty-page limit, the OCDC, despite its delay in ruling on that motion, had done nothing to "lead him to that erroneous conclusion," R. at 220. Finally, the magistrate judge observed that any confusion or misunderstanding

5

on Mr. Ramirez's part was insufficient to invoke equitable tolling because "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" R. at 220-21 (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).

The district court agreed with the recommendation, adopted the supplemental report over Mr. Ramirez's objections, and granted the motion to dismiss "for substantially the reasons stated in the supplemental report and its application of the *Loftis* standard." R. at 230. This appeal followed.

## II.    Standard of review

We review de novo the dismissal of a § 2254 petition as untimely under § 2244(d). *United States v. Denny*, 694 F.3d 1185, 1189 (10th Cir. 2012). But "we review the district court's decision on equitable tolling for an abuse of discretion." *Id.* (internal quotation marks omitted). Although Mr. Ramirez's appointed counsel has filed briefs in this case, we afford a liberal construction to Mr. Ramirez's pro se filings (here and in the district court), but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## III.    Discussion

In his pro se brief, Mr. Ramirez claims the district court erred in reversing its position on equitable estoppel and ultimately concluding it did not apply simply because the State filed a motion to dismiss his petition as untimely. We readily reject this argument. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the

6

claims and all the parties' rights and liabilities."); *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders," and the law-of-the-case doctrine does not apply "to rulings revisited prior to entry of a final judgment." (internal quotation marks omitted)); *see also Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (holding "that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but explaining that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions").[3]

In his counseled brief, Mr. Ramirez agrees with the district court's ruling that his motion for a suspended sentence extended his filing deadline to August 20, 2016. And he concedes that because his First APCR was more than twenty pages, it did not satisfy the state court's page limit and therefore was not "properly filed" within the meaning of

---

[3] In his pro se appellate brief, Mr. Ramirez discussed the merits of his actual-innocence claim, but he did not present any argument that his actual innocence qualifies as "an equitable *exception* to § 2244(d)(1)," *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Counsel for Mr. Ramirez expressly declined to "address [Mr. Ramirez's] actual innocence" but stated that Mr. Ramirez does not "concede[] guilt" or "waive[] any substantive claim relating to his actual innocence." Aplt. Supp. Br. at 14, n.11. Mr. Ramirez has therefore forfeited appellate review of whether actual innocence acts as an equitable exception to the § 2244(d)(1) limitations period in this case. *See Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived."). Even if he had adequately raised the issue, we would consider it waived on appeal because Mr. Ramirez never addressed it in the district court even though (1) the magistrate judge rejected the actual-innocence exception in her first report and (2) the State argued in its motion to dismiss that the exception did not apply. *See Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992) ("As a general rule we refuse to consider arguments raised for the first time on appeal unless sovereign immunity or jurisdiction is in question."); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) (reiterating that § 2244(d)(1)'s "statute of limitations defense is not jurisdictional" (ellipsis and internal quotation marks omitted)).

§ 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *Habteselassie v. Novak*, 209 F.3d 1208, 1210 (10th Cir. 2000) ("[A] 'properly filed' application is one filed according to the filing requirements for a motion for state post-conviction relief."). But he argues that equitable tolling should apply to the nearly nine-month period that his Overlength Motion was pending before the OCDC, and that such tolling would allow § 2244(d)(2) to toll the limitations period during the time his Second APCR was pending. The end result of these calculations would make his § 2254 petition timely filed. We reject this argument.

Section 2244(d)(1)'s limitations period "is subject to equitable tolling," *Holland v. Florida*, 560 U.S. 631, 645 (2010), but "only in rare and exceptional circumstances," *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (internal quotation marks omitted). A petitioner seeking equitable tolling of the limitations period must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted). The extraordinary-circumstance "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [his] control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016).

Mr. Ramirez argues that he diligently pursued his rights because soon after the OCDC struck his First APCR, he sought leave to file a post-conviction motion that exceeded the page limits, and when that was ultimately denied more than eight months

8

later, he promptly filed a post-conviction motion that complied with the court's twenty-page limit. He contends that the time it took for the OCDC to rule on the Overlength Motion was an extraordinary circumstance that stood in his way of filing an APCR before expiration of § 2244(d)(1)(A)'s limitations period. He leans heavily on *Burger v. Scott*, 317 F.3d 1133 (10th Cir. 2003), for the observation that equitable tolling may be appropriate "when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period," *id.* at 1141 (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). And, chief among other points, he claims *Loftis* actually supports equitable tolling in his case. We are not persuaded.

In his Overlength Motion, Mr. Ramirez informed the OCDC that he was trying to exhaust his state-court remedies before filing his federal habeas petition: "[I am] facing a deadline to submit fully exhausted[,] through the State appeals process[,] issues to the federal appeals courts within one year of [my] accum[u]lated denial dates." R. at 143. As found by the magistrate judge, that deadline was statutorily tolled until August 20, 2016. Despite Mr. Ramirez's express awareness of a deadline for obtaining the benefit of further statutory tolling by virtue of a properly-filed APCR, and in the face of that deadline steadily approaching as the Overlength Motion pended before the OCDC, he did not prompt the OCDC to rule on the motion, nor did he submit an APCR that complied with the twenty-page limit prior to the expiration of the § 2244(d)(1)(A) limitations period. And although the OCDC had struck his First APCR, he did not submit a proposed APCR with his Overlength Motion, which might have supported equitable tolling under *Burger*, to which we now turn.

9

In *Burger*, a prisoner had sent an APCR to the state court through the prison mail, but the state court did not file it until four months later, after the federal habeas limitations period expired. After determining that statutory tolling did not apply, we concluded that the district court had abused its discretion in denying equitable tolling. Among other reasons, we explained that by placing in the prison mailing system an APCR that was "proper . . . under the applicable state law," *Burger*, 317 F.3d at 1142, the prisoner "believed that his state petition was sufficient to begin the State's process of reviewing his claim," and the record contained evidence that the state court had been in possession of the APCR for "the entire four-month period," *id.* at 1143.

Unlike the APCR in *Burger*, Mr. Ramirez's First APCR was not "proper" under applicable Oklahoma law because it exceeded Rule 37(B)'s page limit without prior permission. And because Mr. Ramirez did not submit an APCR with his Overlength Motion,[4] it was not reasonable for Mr. Ramirez to believe that the Overlength Motion was sufficient to begin the OCDC's review of his claims. For these same reasons, we find inapplicable *Burger*'s recognition that due diligence may be shown "when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period," *id.* at 1141 (quoting *Gibson*, 232 F.3d at 808). *Burger* took this principle from

---

[4] Although Mr. Ramirez states in his pro se brief that he attached an APCR to his Overlength Motion, there is no APCR attached to the Overlength Motion contained in the district court record, and his attorney agrees that it appears he filed the motion without attaching his APCR. Further, the content of the Overlength Motion indicates that Mr. Ramirez may have attached only the OCDC's prescribed form for an APCR to support his argument that certain required fields in the form occupied three pages and therefore the pages remaining for presentation of the issues is not equivalent to a twenty-page brief. R. at 142.

*Gibson*, where we cited *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990), as support. *See Gibson*, 232 F.3d at 808. In *Irwin*, the Supreme Court cited two examples of when it had concluded that a defective filing warranted equitable tolling: (1) a complaint timely filed but in the wrong court and (2) a timely-filed but defective class action, which equitably tolled the limitations period for individual claims. *Irwin*, 498 U.S. at 96 & n.3. Mr. Ramirez's circumstances are distinguishable from either of those examples. They are also distinguishable from *Burger*, where the only possible defect mentioned was applicability of a filing fee, but that did not preclude the state court from ultimately accepting the otherwise-proper APCR. *Burger*, 317 F.3d at 1144. Here, the OCDC promptly struck Mr. Ramirez's First APCR. Because substantial time (nine months) remained before the § 2244(d)(1)(A) limitations period expired, any actions determinative of due diligence occurred after that ruling.

Although "[t]he diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence," *Holland*, 560 U.S. at 653 (citation and internal quotation marks omitted), under the circumstances here, we see no abuse of discretion in the district court's determination that Mr. Ramirez did not act with the requisite diligence when he filed his Overlength Motion. Further, the fact that the OCDC took nearly nine months to rule on the Overlength Motion may have been a circumstance beyond Mr. Ramirez's control, but it did not prevent or prohibit him from filing an APCR that complied with the page limitation prior to the expiration of the federal habeas limitations period.[5] In fact,

---

[5] Relatedly, we disagree with Mr. Ramirez's contention that based on the portion of Rule 37(B) stating that "[n]o further briefs shall be filed without prior permission of

11

when the OCDC eventually denied the Overlength Motion on August 6, 2016, Mr. Ramirez still had until August 20, 2016, to file an APCR that complied with the page limitation, but he did not file a compliant APCR until August 25, 2016.

Mr. Ramirez's reliance on *Loftis* does not call for a different conclusion. Through no fault of his own, Mr. Loftis, a state prisoner, did not receive a copy of an order denying his APCR until seventeen days after it was filed, a full week after the ten-day period to file a notice of appeal from it had expired. Upon receipt, Mr. Loftis promptly filed a motion in the state district court seeking an extension of time to file his notice of appeal, which the court granted. Mr. Loftis filed a notice of appeal, but the case languished in the OCCA for a year before that court ruled that the district court's order granting the extension "had no legal effect" and dismissed the appeal as untimely. *Loftis*, 812 F.3d at 1271. The OCCA determined that Mr. Loftis should have known to ignore what appeared to this court to be a "mandatory requirement to file a notice of appeal," *id.* at 1276, and instead could have, and should have, filed "a petition in error and supporting brief" within the time that remained to do so when he finally received the order denying his APCR, *id.* at 1271. During the year the case was before the OCCA, the § 2244(d)(1) limitations period expired. Under these circumstances, we concluded that equitable

---

the assigned judge," he reasonably believed he could not file a compliant APCR after the OCDC had struck the First APCR. We instead agree with the State that when read in context, this prohibition on "further briefs" refers to briefs beyond the opening and reply briefs mentioned in the rule, not other motions or, in this case, another APCR. It would be unreasonable to believe that this prohibited Mr. Ramirez from filing a compliant APCR just because the court had struck his First APCR. In any event, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh*, 223 F.3d at 1220 (internal quotation marks omitted).

12

tolling applied, primarily because the "state district court itself caused [Mr. Loftis] to believe," through its order granting his motion for an extension of time, "that his efforts had been sufficient to ensure state review of his habeas claims." *Id.* at 1275. We also determined that Mr. Loftis had "made reasonable, diligent efforts to comply with procedural rules which provided no clear guidance for the unusual circumstances in which, through no fault of his own, he was situated." *Id.*

The district court in Mr. Ramirez's case distinguished *Loftis* on the ground that the record provided no basis for finding that the OCDC "had led [Mr. Ramirez] to believe he had done all that was required under the circumstances. . . . Rather, the pertinent state court orders made clear that [Mr. Ramirez's] filing was not sufficient. They did nothing to suggest that [he] had done all that was necessary for state collateral review . . . ." R. at 230. We agree with the district court on this point.

Mr. Ramirez argues that like Mr. Loftis, he was confused by Rule 37(B) because it provides no guidance on proper procedure in the event an APCR is stricken for exceeding the page limit. He points out that in the order striking the First APCR, the OCDC did not provide any guidance either. And he asserts it was reasonable to believe he did all that was necessary to ensure state collateral review when he asked for permission to file an overlength APCR. We disagree. Although Rule 37(B) makes plain that a prisoner must obtain permission from the court before filing an APCR that exceeds twenty pages, simply asking for that permission was not sufficient to "ensure state review of [Mr. Ramirez's] habeas claims," *Loftis*, 812 F.3d at 1275, because nothing guaranteed that the OCDC would give that permission. It was therefore unreasonable for

13

Mr. Ramirez to believe that by filing the Overlength Motion, he had done all that was necessary to ensure state collateral review. Furthermore, unlike the situation in *Loftis*, which was not due to any fault on the prisoner's part, the circumstances in which Mr. Ramirez found himself were of his own making—he filed his First APCR without obtaining prior permission to exceed the page limit, and he elected to file a motion to exceed the page limit rather than an APCR that conformed to the limit.

Finally, we reject Mr. Ramirez's contention that, because the OCDC struck his First APCR only twelve days after it was filed, the OCDC's lengthy silence on his Overlength Motion reasonably suggested he had done all that was required to ensure collateral review. While the delay may have been inordinate, there always remained the very real—and ultimately realized—possibility that the OCDC would deny the motion. It was therefore unreasonable for Mr. Ramirez to construe the OCDC's silence on the matter as an indication that he had done enough to ensure collateral review.

## IV. Conclusion

For the foregoing reasons, we conclude that the district court did not abuse its discretion in declining to apply equitable tolling. We therefore affirm its judgment.

Entered for the Court

Monroe G. McKay
Circuit Judge

14